**CARUSO GLYNN, LLC**
Attorneys for Plaintiff
*Salmo Corporation*
242-03 Northern Blvd.
Suite 201
Little Neck, N.Y. 11362
(718) 819-8667
Attorney: Lawrence C. Glynn (LG 6431)
CG File No.:   42.010619.01

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
SALMO CORPORATION,

        Plaintiff,

  -against-

M/V ZIM ANTWERP, her engines, boilers, etc., and
ZIM INTEGRATED SHIPPING SERVICES LTD.,

        Defendants.
-----------------------------------------------------------------x

Case No.:     19 Civ.         (     )

**VERIFIED COMPLAINT**

Plaintiff Salmo Corporation ("Salmo" or "Plaintiff"), by its attorneys, **CARUSO GLYNN, LLC**, alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. At and during the times hereinafter mentioned, Plaintiff had and now has the legal status and principal place of business stated in Schedule "A" attached hereto and by this reference made a part hereof.

3. At and during all the times hereinafter mentioned, Defendants had and now have the legal status and offices and places of business stated in Schedule "A", and were and now are engaged

as common carriers of merchandise by water and owned, operated, managed, chartered and controlled the above matter vessel(s) which is now, or will be within the jurisdiction of this Court during the pendency of this action.

4. On or about the dates and at the port of shipment stated in Schedule "B" attached hereto and by this reference made a part hereof, there was delivered to the vessel and Defendants in good order and condition, the shipments described in Schedule "B", which said vessel and Defendants accepted and agreed to transport for certain consideration to the ports of destination stated in Schedule "B".

5. Thereafter, the said vessel and Defendants delivered Plaintiff's shipments, however, not at the port(s) of destination described in Schedule "B" and the aforesaid shipments were short, missing and/or damaged.

6. By reason of the premises, the above named vessel and Defendants breached, failed and violated their duties and obligations as common carriers, bailees, warehousemen, and were otherwise at fault.

7. Plaintiff was the consignee, owner, or underwriter of the shipment described in Schedule "B", and brings this action on its own behalf and as agent and trustee, on behalf of and for the interest of all parties who may be or become interested in the said shipments, as their respective interests may ultimately appear, and Counterclaim Plaintiff is entitled to maintain this action.

8. Plaintiff has duly performed all duties and obligations on its part to be performed.

9. By reason of the premises, Plaintiff has sustained damages as nearly as same can now be estimated, no part of which has been paid, in the amount of $79,308.74.

WHEREFORE, Plaintiff demands:

(a) That process in due form of law may issue against third-party defendants citing them to appear and answer all and singular the matters aforesaid;

(b) That if defendants cannot be found within this district, then all their property within this District as shall be described in Schedule "A", be attached in the sum of $79,308.74, with interest thereon and costs, the sum sued for in this Complaint;

(c) That judgment may be entered in favor of Plaintiff against Defendant for the amount of Plaintiff's damages, together with interest and costs and the disbursements of this action;

(d) That process in due form of law according to the practice of this Court in causes of admiralty and maritime claims, may issue against said vessels, their engines, etc., and that all persons having or claiming any interest therein be cited to appear and answer under oath, all singular the matters aforesaid, and this Court will be pleased to pronounce judgment in favor of Plaintiff for its damages as aforesaid, with interest, costs and disbursements, and that the said vessels may be condemned and sold to pay therefor, and

  (e)  That this Court will grant to Plaintiff such other and further relief as may be just and proper.

Dated: Little Neck, New York
    January 8, 2019

            Yours, etc.,

            **CARUSO GLYNN, LLC**
            Attorneys for Plaintiff
            *Salmo Corporation*

         By: *Lawrence C. Glynn*
            Lawrence C. Glynn (LCG-6431)
            242-03 Northern Blvd.
            Suite 201
            Little Neck, N.Y. 11362
            (718) 819-8668
            *lglynn@carusoglynn.com*
            CG File No.: 42.010619.01

**Schedule A**

**Plaintiff's Legal Status and Office and Place of Business**

1. Plaintiff Salmo Corporation was and now is a corporation organized and existing under and by virtue of the laws of the State of New York with an office and principal place of business located at 117-20 Sutphin Blvd., Jamaica, New York 11434.

**Defendants' Legal Status and Office and Place of Business**

2. Defendant ZIM Integrated Shipping Services Ltd. was and now is a corporation or other business entity existing under and by virtue of the laws of Israel, with and office and place of business located at 5801 Lake Wright Drive, Norfolk, VA 23502.

## **SCHEDULE B**

| | |
|---|---|
| Vessel: | M/V ZIM Antwerp |
| Bill of Lading: | ZIMUORF0809417 |
| Container No.: | ZCSU5846239 (Refrigerated) |
| Description: | 130 Cartons Frozen Seafood |
| Date of Shipment: | August 1, 2018 |
| Port of Shipment: | New York |
| Port of Discharge: | Georgetown, Guyana |
| Nature of Loss: | Spoiled/Rotting due to Improper Temperature Setting by ZIM. Bill of Lading stated "temperature must be zero degrees farenheight[sic]." Temperature was set at 37 degrees Fahrenheit and was not reset to 0 degrees Fahrenheit until the time of transhipment at Jamaica. |
| Amount: | $79,308.74 |
| CG File No.: | 42.010619.01 |

**VERIFICATION**

LAWRENCE C. GLYNN, under the penalties of perjury, hereby affirms:

That he is an attorney admitted to practice before the Courts of this State and is a member of the firm of **CARUSO GLYNN, LLC**, attorneys for Plaintiff herein.

That he has read the foregoing Verified Complaint and knows the contents thereof and that the same is true to his own knowledge, except as to the matters therein stated to be alleged upon information and belief and as to those matters, he believes them to be true.

Deponent further says that the sources of his information and the grounds for his belief as to all matters therein stated to be alleged on information and belief, is derived from documents, records, correspondence and memoranda of Plaintiff concerning the maters set forth in the Verified Complaint in the possession of deponent.

Dated: Little Neck, New York
       January 8, 2019

*Lawrence C. Glynn*
Lawrence C. Glynn